IN THE DISTRICT COURT OF ELLIS COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CARLOS A. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ-2017- |
| HUMANA, INC., a foreign corporation, | ) |
| Defendant. | ) |

FILED
COURT CLERK'S OFFICE
Ellis County, Okla.

OCT 3 2017

Time _____ M
SALLY WAYLAND, Court Clerk
By ____

## PETITION

COMES NOW the Plaintiff, Carlos A. Williams, and for his cause of action against the Defendant, Humana, Inc. ("Humana"), alleges and states:

1. Plaintiff Carlos A. Williams is a resident of Shattuck, Ellis County, Oklahoma. Carlos A. Williams is a citizen of the State of Oklahoma.

2. Defendant Humana is a foreign insurance company that is incorporated and domiciled in the State of Kentucky and maintains its principal place of business in a state other than Oklahoma. Humana is authorized to transact business with the State of Oklahoma and may be served with process through its designated service agent, identified as John Doak, Oklahoma Insurance Commissioner, 5 Corporate Plaza, Suite 100, 3625 NW 56th Street, Oklahoma City, Oklahoma 73112.

3. At all times material hereto Plaintiff was insured under a Medicare Advantage PPO Plan called Humana Choice H6609-121 (PPO), Plan No. (80840) 9140461101.

4. The subject insurance policy was sold, issued and delivered in Ellis County, State of Oklahoma.

5. The acts and omissions pertinent in this case occurred in Shattuck,



Oklahoma.

6. Plaintiff's claims against the Defendant are in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

7. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

8. On or about March 16, 2017, Plaintiff was admitted to OU Medical Center for treatment related to a head injury sustained by him in a slip and fall accident. Prior to his discharge from OU Medical Center, skilled nursing was ordered for Plaintiff.

9. Prior to being discharged, Plaintiff's family members and employees at OU Medical Center took steps to pre-approve, with Defendant, the skilled nursing that had been ordered. Plaintiff was advised by OU Medical Center that skilled nursing had been pre-approved by Defendant.

10. After being discharged by OU Medical Center, Plaintiff's primary care physician, Dr. Jennifer Berens, also ordered skilled nursing for Plaintiff.

11. From March 31, 2017 through April 21, 2017, Plaintiff incurred medical and other related expenses in connection with his medical care and treatment, including skilled nursing and treatment at Shattuck Nursing Center.

12. Plaintiff submitted claims to the Defendant for the policy benefits of his policy and, otherwise, complied with all conditions precedent to recover under the policy.

13. Defendant breached the insurance contract and breached the implied covenant of good faith and fair dealing in the handling of Plaintiff's claims, and as a matter of routine claim practice in the handling of similar claims by:

a. Failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that he was entitled to those benefits;

b. Failing to properly investigate Plaintiff's claims;

c. Withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d. Refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e. Refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f. Refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i. Forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendants knew were payable;

j. Failing to properly evaluate any investigation that was performed;

k. Adjusting claims based upon their own medical determinations rather than the determinations of treating physicians as provided in the policy;

l. Refusing to consider coverage for payment objectively in the best interest of their insured rather than the interest of only the insurance company;

m. Intentionally failing and refusing to follow the known law of policy construction, including, but not limited to, resolving any contractual ambiguities in favor of their insured;

n. Imposing conditions and requirements for coverage more restrictive than the requirements of the policy; and,

o. Asserting and endorsing opinions of medical professionals that

Defendant knows are biased, predetermined, unreasonable, unjust and/or incorrect,

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

14. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of policy benefits and emotional distress, frustration, duress, and other consequential damages.

15. Defendant's acts and omissions in violation of the implied covenant of good faith and fair dealing were grossly reckless and wanton and/or done intentionally and with malice and/or were life threatening to humans and, therefore, punitive damages are appropriate.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Humana Insurance Company, for his damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate. The amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

Respectfully submitted,

/s/ Robyn G. Price

Robyn G. Price, OBA # 18711
Ryan E. Price, OBA #19547
SIMS, PRICE & PRICE, PLLC
1517 Main Street / P.O. Box 1086
Woodward, Oklahoma 73802-1086
Telephone: (580) 256-3155
Facsimile: (580) 254-2685
*Attorneys for Plaintiff*